VOSE & CREEL, for appellant.

FLACK & LAWYER, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

AUCTIONS AND AUCTIONEERS, § 6*—*when purchaser of hay at auction sale cannot complain of amount paid for.* Where a person purchases hay at an auction sale at so much a ton, it being announced at the time of the sale that the hay had been measured by disinterested persons and that bidders not satisfied with such measurements would be given opportunity to remeasure the same, *held* that the purchaser cannot complain that he did not get the full amount paid for where he voluntarily settles for the hay after he had ample opportunity to ascertain the amount thereof before making payment.

---

## G. W. Bryant, Appellee, v. Vandalia Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

## Statement of the Case.

Action by G. W. Bryant against Vandalia Railroad Company to recover for services rendered to defendant by plaintiff as station agent. Suit was commenced before a justice of the peace and plaintiff recovered a judgment. Defendant then appealed to the Circuit Court where judgment was rendered in favor of plaintiff for one hundred and thirty-five dollars, and from that judgment defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

OUTTEN, EWING, McCULLOUGH & WIERMAN and E. J. MILLER, for appellant.

JOHN E. JENNINGS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 71*—*when station agent for railroad company not chargeable with loss resulting from mistake in sale of tickets.* Where a station agent in the employ of a railroad company makes a mistake in selling excursion tickets at a price below the tariff rates, in an action by such agent against the railroad company for wages *held* that the company cannot charge him with the loss occasioned by the sale of the tickets, where the proof shows that the agent used his best judgment and every available effort for the purpose of ascertaining the rate, and after consulting the traveling passenger agent of the company availed himself of every means at his command to ascertain the correct fare.

2. MASTER AND SERVANT, § 88*—*allowance of attorney's fees in an action for wages.* Under the statute entitling plaintiff to attorney's fees in an action for wages, where trial is by jury, the question as to the amount of attorney's fees is for the court; but before such fees may be allowed it is necessary that the jury should find that the amount due was the amount demanded of defendant in the written demand made by plaintiff, and find that the amount was due for labor, wages, etc.

3. MASTER AND SERVANT, § 88*—*when submission to jury of question as to amount of attorney's fees is error.* In an action by a station agent against a railroad company to recover wages, where demand is made under R. S. 1909, c. 13, ¶ 13, J. & A. ¶ 5285, to recover attorney's fees *held* error for the court to submit to the jury the question of the amount of attorney's fees and judgment rendered on a general verdict for wages including attorney's fees reversed.

4. MASTER AND SERVANT, § 88*—*persons entitled to attorney's fees in action for wages.* R. S. 1909, c. 13, ¶ 13, J. & A. ¶ 5285, permitting a recovery of attorney's fees in an action for wages, *held* broad enough in its terms to permit the recovery of attorney's fees by a person employed by a railroad company as station agent.